**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

| | |
|---|---|
| In re: Artur Koziol<br><br>Debtor | Case No. 25-18338 (MBK) |
| | Chapter 13 |
| Artur Koziol,<br><br>        Plaintiff,<br><br>v.<br><br>Katherine A. Griffin,<br><br><br><br>        Defendant. | Adv. Pro. No. 25-01376 (MBK)<br><br>Hearing Date: March 5, 2026 |

*All Counsel of Record*

## MEMORANDUM DECISION

Presently before the Court is a Motion for an Order Dismissing the Adversary Proceeding (the "Motion to Dismiss") filed on behalf of Katherine A. Griffin, the defendant in the within Adversary Proceeding (the "Defendant" or "Movant"). The Court has considered fully the parties' arguments and the record in the case. For the reasons that follow, the Court will **DENY** the Motion to Dismiss in its entirety.

### I.     Jurisdiction

The Court has jurisdiction over the contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. These matters are core proceedings within the

meaning of 28 U.S.C. § 157(b)(2)(A), (B), (L) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### II.     Background and Procedural History

On August 7, 2025, Debtor, Artur Koziol (hereinafter the "Debtor") filed a Chapter 13 Voluntary Petition assigned case number 25-18338 (the "Bankruptcy Case" or the "Lead Case")[1]. On the same day, Debtor filed a Chapter 13 Plan for the Court's consideration (ECF No. 3), and a confirmation hearing was scheduled for April 15, 2026[2].

On September 25, 2025, the Debtor filed the instant adversary proceeding assigned case number 25-01376 and filed a complaint against Katherine A. Griffin, the Debtor's ex-spouse (the "Adversary Proceeding"). On October 1, 2025, the Defendant objected to the Debtor's Chapter 13 Plan in the Lead Case (ECF No. 18). In addition, on November 14, 2025, Defendant filed Proof of Claim No. 6 (the "Claim"), listing the amount as $62, 575.92 and classifying it as alimony and spousal support. *See generally* Proof of Claim 6-2[3].

The complaint filed in the Adversary Proceeding is to determine dischargeability of debt under 11 U.S.C. § 523(a)(15) (hereinafter the "Complaint") (Adv. Pro. ECF No. 1). As articulated in further detail in the Complaint, prior to the filing of the Lead Case, Debtor and Defendant (collectively, the "Parties") filed for divorce on January 30, 2017. *See* Adv. Pro. Complaint at ¶ 4. Thereafter, on September 11, 2019, the state court entered a divorce decree terminating the marriage (the "Divorce Decree"). *Id*.; *see also* Adv. Pro. Complaint, Ex. A[4]. Pursuant to the terms set forth in the Divorce Decree, Debtor was required to pay the Defendant limited duration alimony of $15,000 a year—or, $1,250 a month plus $250 towards arrears that accrued prior to the entry of the decree—for a period of six years beginning April 1, 2017. *Id*. At ¶ 5. In addition, upon termination of the limited duration alimony award, the Debtor was required to pay the

---

[1] The Debtor previously filed a Chapter 7 Bankruptcy Petition (Case No. 21-13471-KCF) on April 28, 2021.

[2] The Chapter 13 Trustee objected confirmation of Debtor's Chapter 13 Plan on September 25, 2025 (ECF No. 15).

[3] Defendant initially filed her Proof of Claim on October 1, 2025, which was docketed as "Claim 6-1". The Claim was later amended on November 14, 2025, and docketed as "Claim 6-2".

[4] On September 26, 2025, Debtor re-filed the complaint in the Adversary Proceeding to attach the Divorce Decree as Exhibit A (ECF No. 2). In all other respects, the amended complaint is substantively identical to the original complaint.

Defendant $1,500 a month towards the satisfaction of a marital debt in the sum of $48,469, which stemmed from the Parties' use of Defendant's mother's credit card in connection with the operation of the parties' masonry business during the marriage (the "Credit Card Debt"). *Id*. at ¶ 6. Regarding the Credit Card Debt, the Divorce Decree set forth the following stipulation:

> This award shall be considered non-dischargeable in bankruptcy as it was part of a support obligation as ordered by Judge Cunningham. Consistent with that, I am directing that these arrears shall be considered as support arrears and added to the arrears on the records of the probation department. The debt is due and payable now, in full, to the extent Plaintiff has assets that Defendant may execute upon. A judgement of $48,469 shall immediately issue against Plaintiff and in favor of Defendant.

*Id*. at ¶ 7; *see also* Adv. Pro. Complaint, Ex. A. Based on this language, the Debtor alleges that the Credit Card Debt is in the nature of a property settlement rather than spousal support. *Id*. at ¶ 8. On January 22, 2026, Defendant filed the instant Motion to Dismiss in lieu of an answer (Adv. Pro. ECF No. 16) and on February 12, 2026, Debtor filed a certification in opposition to Defendant's Motion (the "Opposition") (Adv. Pro. ECF No. 19). The hearing for the Motion to Dismiss was held on March 5, 2026. After considering the Parties' submissions and oral arguments, the Court held the matter on reserve[5].

### III.    Arguments of the Parties

#### A.  The Defendant's Position

On January 22, 2026, the Defendant filed the instant Motion to Dismiss the Adversary Proceeding, generally asserting that as per the applicable state court orders and corresponding documents, the Debtor has failed and continues to fail to pay Defendant spousal support. Moreover, the Defendant asserts that the debt obligation owed to her is non-dischargeable. To support this assertion, the Defendant notes that, when Debtor filed his Chapter 7 Bankruptcy Petition in 2021, he listed Defendant as a priority unsecured creditor holding a $95,000 claim, which Debtor listed as "alimony" and a domestic support obligation—the same

---

[5] On March 5, 2026, during the hearing on the Motion to Dismiss, Debtor advised the Court that on March 3, 2026, Debtor filed an appeal on the state court decision that Debtor's credit card obligation is non-dischargeable under 11 U.S.C. § 523(a)(5) (this appeal occurred after the Motion to Dismiss and Debtor's Opposition were filed). Thereafter, the Debtor filed a corresponding letter in the Adversary Proceeding (Adv. Pro. ECF No. 20) attaching copies of the notice of appeal.

obligation at issue in the instant Adversary Proceeding[6]. *See* Certification in Support of Motion ("Defendant's Cert.") at ¶ 4; *see also* Defendant's Cert., Ex. B. Moreover, the Divorce Decree—entered prior to either bankruptcy filing—incorporated an arbitration opinion which provided for the payment of alimony and spousal support. *See* Defendant's Cert., Ex. A.

On August 7, 2025, Defendant objected to the Debtor's Chapter 13 Plan because it did not provide for payment of the spousal support. *Id*. at ¶ 5. Specifically, as of the filing date of the Lead Case, Defendant asserts that the Debtor has failed to make required spousal support payments and owes Defendant approximately $13,106.92 in arrears. *Id*. at ¶ 8. After the Lead Case and Adversary Proceeding were filed, Defendant filed a motion in state court to enforce collection of spousal support and as a result, a state court order was entered on December 12, 2025 directing the debtor to continue to pay spousal support, cure the arrears and noted that the spousal support obligations were not dischargeable in the Debtor's bankruptcy proceeding. *Id*. at ¶ 9; *see also* Defendant's Cert., Ex. E. In response, the Debtor filed a motion for reconsideration of the December 12, 2025 court order, however, on January 6, 2026, the state court entered an order stating that all collection and enforcement actions relating to the alimony obligations are stayed pending discharge of Debtor's bankruptcy proceeding. *Id*. at ¶ 10; *see also* Defendant's Cert., Ex. F.

**B.   The Debtor's Position**

In Opposition, the Debtor asserts that the Adversary Proceeding commenced for the sole purpose of permitting the Court the ability to determine the dischargeability of the debt obligation at issue. *See* Debtor's Certification in Opposition (the "Opp. Cert.") at ¶ 2.

Specifically, the Debtor asserts that section 3 of the arbitration opinion provides that Debtor is responsible for payment of $49,469 on a credit card in the name of Defendant's mother and further states that this obligation "shall be considered non-dischargeable in bankruptcy". *See* Opp. Cert., Ex. A. Based

---

[6] In contrast, in Schedule E/F on Debtor's Chapter 13 Petition, Debtor lists Defendant but does not specify the claim as "alimony" and marks the "total claim" and "priority amount" sections as "unknown". The Court notes that the manner in which the Debtor characterized this obligation for purposes of his Chapter 7 filing is mostly irrelevant—under Chapter 7, the obligation would be nondischargeable either as a support of equitable distribution debt. *See* 11 U.S.C. § 523(a)(5); § 523(a)(15). The same does not hold true under Chapter 13. *See* 11 U.S.C. § 1328(a)(2).

on this provision, the Debtor commenced the Adversary Proceeding. *Id*. at ¶ 3. On August 27, 2025, Defendant filed a motion in state court seeking to enforce prior court orders which required the Debtor to pay alleged arrears of spousal support as well as the Credit Card Debt at issue. *Id*. at ¶ 5; *see also* Opp. Cert., Ex. B. On the same day as Debtor filed the Adversary Proceeding, Debtor also filed an opposition to Defendant's motion to enforce. *Id*. at ¶ 6; *see also* Opp. Cert., Exs. D-F. On December 12, 2025, the state court entered an order enforcing the previous court orders determining that the spousal support arrears and Credit Card Debt were non-dischargeable. *Id*. at ¶ 7. The Debtor contends this determination was made even though neither party had requested the state court rule on whether the Credit Card Debt was non-dischargeable under Section 523 of the Bankruptcy Code. *Id*. In response, Debtor filed a motion for reconsideration and requested that a portion of the December state court order be vacated so that dischargeability concerning the Credit Card Debt could be determined by this Court. *Id*. at ¶ 8; *see also* Opp. Cert., Ex. G. Thereafter, on January 6, 2026, the state court entered an order *sua sponte*, staying all collections and enforcement actions relating to alimony obligations, pending the discharge of Debtor's bankruptcy; however, this order did not resolve or purport to resolve the dischargeability of the Credit Card Debt. *Id*. at ¶ 9. Thus, the Debtor maintains that the relief sought in Defendant's Motion should be denied.

### IV.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, a motion to dismiss may be granted if the complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim for relief that is plausible on its fact.'" *Fleisher v. Standard Ins.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).  When reviewing a motion under 12(b)(6), a court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff, and judgment should not [be] granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002) (citation omitted); *see also Davis v.*

*Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 14 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly* at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929). In this matter, the Defendant has not satisfied her burden to state a plausible claim for relief.

## V.    Discussion

The Motion seeks dismissal of the Adversary Proceeding on the ground that the outstanding arrears and debt obligation owed to Defendant are non-dischargeable under 11 U.S.C. § 523. The Defendant relies on prior state court orders and an arbitration opinion entered in connection with the Parties' Divorce Decree, which, Defendant contends, establish the non-dischargeable nature of the obligation. Accordingly, although the Defendant does not expressly advance this argument, the Court understands her position to be that no determination of dischargeability is required by the Court because the state court orders have already resolved this issue.

However, governing law does not support the Defendant's position. In particular, federal courts across the country are unanimous in the view that "although the decree or settlement establishing the obligation almost invariably arises in the context of a state court proceeding, whether the obligation is in the nature of alimony, maintenance or support for the purposes of the Bankruptcy Code is a question of federal, not state law." *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990) (*internal citations omitted*). Furthermore, while New Jersey courts have concurrent jurisdiction to determine whether an obligation constitutes alimony, maintenance, or support, for purposes of treatment in a bankruptcy proceeding, in doing so, courts must employ applicable federal bankruptcy law. *Bisbing v. Bisbing*, 468 N.J. Super. 112, 123 (2021) (*internal citations omitted*)[7].

---

[7] Under applicable legal principles, the Bankruptcy Court "examines the function served by the obligation at the time of the divorce or settlement by considering the following factors: (1) the labels in the agreement of the court order; (2) the income and needs of the parties at the time the obligation became fixed; (3) the amount and outcome of property division; (4) whether the obligation terminates on the obligee's death or remarriage or on emancipation of children; (5) the number and frequency of payments; (6) waiver of alimony or support rights in the agreement; (7) availability of state court procedures to modify or enforce the obligation through the contempt remedy; and (8) the tax treatment of the obligation." *See In re Ventrone*, 648 B.R. 30, 47 (Bankr. E.D. Pa. 2023) (*internal citations omitted*).

Without an independent record to reflect the basis upon which the state court determined the nature of the obligation, this Court may undertake *de novo* the issue of determination of dischargeability of the Debtor's debt obligations. As reflected in the Complaint and corresponding exhibits, Debtor's outstanding debt of $48,469 arises from the Parties' use of the Defendant's mother's credit card used for the operation of the Parties' masonry business. Although subsequent state court orders characterize this particular debt as "marital" and "spousal support", the arbitration opinion treats the same obligation as an equitable distribution obligation rather than alimony. Moreover, although the Parties did not request a determination as to the nature of the Credit Card Debt, the state court nevertheless characterized the debt without providing any supporting analysis. *See* Opp. Cert. at ¶ 7. Accordingly, since the state court did not articulate its reasoning, the Court will apply the applicable federal court factors.

**VI.   Conclusion**

For the aforementioned reasons, the Motion (Adv. Pro. ECF No. 16) is **DENIED**. The Court will enter an appropriate form of Order. Defendant is directed to file an Answer within ten **(10)** days hereof.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 30, 2026